*1391 OPINION.
Lansdon :
The petitioner and respondent disagree as to the amount representing the petitioner’s property account that should be included in the computation of invested capital for the taxable year. *1392 The petitioner contends that the property it received in 1908 and 1919, in exchange for stock, had an actual cash value at least equal to the amounts shown on its books of account. The respondent has included only $120,464.78, representing the value of such assets at the respective dates of acquisition in his computation of invested capital.
The petitioner has adduced much evidence in support of its contention. Its president and general manager paid $83.33 per share for a controlling interest in the stock in 1914. He testified that, in his opinion, the library of financial information acquired in 1908 had a value at that time in the amount of $221,000, and that the intangibles acquired at the same time had a value in the same amount, and that the similar assets acquired in 1919 had value in the respective amounts of $221,000 and $120,500. Among the assets acquired in 1908 was the right to use the name of Moody, and such name was used until about 1920 and, in 1925, was sold for $100,000 in cash. The vice president and financial editor also testified to the same effect.
From all the evidence we are convinced that the mixed aggregates of tangible and intangible property acquired by the petitioner in exchange for stock in 1908 and 1919 had an actual cash value greatly in excess of $120,464.78; but it is impossible to determine definitely the amount of such value. We are of the opinion, therefore, that on the facts herein the petitioner’s situation falls within the provisions of section 327 (c) of the Revenue Act of 1918, and that its tax liability for the year 1920 should be computed under section 328 of such Act.

Final decision will be entered after proceeding under Buie 62.